(109 So. 888)

### SHROPSHIRE v. STATE. (7 Div. 236.)

(Court of Appeals of Alabama. May 25, 1926. Rehearing Denied June 15, 1926.)

1. Larceny ☞49.

Proof of defendant's presence in town on the day of the night on which automobile was stolen was circumstance to show opportunity.

2. Criminal law ☞789(14).

Instruction to acquit of larceny, if there was "probable probability" that another person committed the offense, tended to confuse, and was properly refused.

3. Criminal law ☞829(18).

Refusing instruction on reasonable doubt was not error, where the court clearly stated the correct rule in its oral charge and in a given written charge.

4. Larceny ☞71(1).

Instruction to acquit of larceny, unless defendant took automobile with intention to deprive owner thereof, was properly refused, where automobile might have been taken by another, and defendant been guilty as confederate.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Willis Shropshire was convicted of grand larceny, and he appeals. Affirmed. Certiorari denied by Supreme Court in Shropshire v. State, 109 So. 888.

These charges were refused to defendant:

"(1) I charge you, gentlemen of the jury, that the evidence in this case is circumstantial, if you believe from the evidence there is probable probability that another person committed the offense, then you must find the defendant not guilty.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(2) The court charges the jury that the state must prove beyond all reasonable doubt that this defendant took the car with the intention to deprive the owner thereof, and, if you are not satisfied from the evidence beyond all reasonable doubt that the defendant took the car with such purpose, you should not convict defendant."

Hugh Reed, of Center, and E. O. McCord & Son, of Gadsden, for appellant.

Counsel argue for error in the rulings treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citation of authorities.

SAMFORD, J. [1] An automobile was stolen from in front of the hotel in Center, Ala. In connecting the defendant with the taking, it was relevant to prove that defendant was seen in the town of Center on the day of the night the car was stolen, and, while the time was somewhat remote from the taking, the defendant's presence was a circumstance, though slight, to show opportunity.

[2, 3] Refused charge 1 is couched in language unusual in stating the doctrine of reasonable doubt. We think the charge tends to confuse, and therefore was properly refused. But, whether this is so or not, defendant had the benefit of the correct rule, clearly stated in the court's oral charge, and in given written charge 5.

[4] Refused charge 2 was misleading in this particular case. Here the car may have been actually taken by another, and still the defendant be guilty as a confederate.

We find no error in the record, and the judgment is affirmed.

Affirmed.